UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY -6 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

| | |
|---|---|
| In re<br><br>**Joseph James Promisco,**<br><br>Debtor.<br><br>**Joseph James Promisco,**<br><br>Plaintiff,<br><br>v.<br><br>**United States Department of Education,**<br><br>Defendant. | Case No. 19-02949<br><br>Adv. Proc. No.<br><br>**COMPLAINT**<br><br>11 U.S.C. § 523(a)(8) |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Now comes Joseph James Promisco, Pro Se, and hereby brings this adversary proceeding to seek dischargeability of student loan debt in the bankruptcy case listed above. In support of Plaintiff's complaint, Plaintiff states the following:

### JURISDICTION AND THE PARTIES

1. This Court has jurisdiction under 28 U.S.C. § 1334 because Plaintiff's dischargeability complaint arises under Title 11.

2. Plaintiff Joseph James Promisco (Promisco) is an individual living in Elmwood Park, IL who filed Chapter 7 bankruptcy on February 5, 2019 in case number 19-02949. Plaintiff's educational debts to Defendant are collectively referred to as his "student loans" in this complaint.

3. Defendant United States Department of Education (DOE) is an agency of the United States. Promisco owes approximately $234,000 to Defendant.

4. Venue is proper because Promisco lives within the district and filed bankruptcy within the district.

## NATURE OF CLAIM

5. Promisco's dischargeability complaint is a core proceeding under 28 USC § 157(b)(2) and Promisco consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

6. This complaint's allegations are based on personal knowledge as to 's own conduct, and are made on information and belief as to the acts of others.

## FACTUAL ALLEGATIONS

7. Prior to the commencement of Promisco's bankruptcy case, Promisco owed student loans to defendant.

8. Promisco cannot maintain a minimal standard of living if required to repay his student loans to Defendant. Promisco became employed part-time since October 2018 and is also supporting his adult parents. His mother has been unemployed continuously since August 2018 when the company she previously worked for ceased

operations after filing for bankruptcy[1]. His father has been continuously unemployed since at least 2014 after being terminated by his previously employer and is currently in litigation against his former employer for wrongful termination in this District Court[2]. Recently, his father was diagnosed with Leukemia and is in the process of applying for SSI benefits and has no other source of income. Their home is also currently facing the threat of foreclosure as it has previously been in litigation in the Circuit Court of Cook County[3] and the current servicer of the mortgage has been sending demand letters for the past several months. Promisco is also currently paying medical bills to treat current mental health issues. Promisco will never be able to fully amortize his student loans with Defendant.

9. It would be unconscionable for this Court to require Promisco to reduce his expenses further than he has already reduced them. Promisco can't decrease his monthly expense budget in any way. Promisco does not explicitly pay rent, but if the foreclosure issues were to be resolved and he were to start making payments that were to specifically go towards the mortgage of the home he lives in, Promisco's expenses would greatly exceed his income[4]. Promisco's expense budget

---

[1] His mother previously worked for Carson Pirie Scott which was run by the parent company Bon Ton before entering bankruptcy protection in February 2018 in the District of Delaware and subsequently ceasing operations.

[2] Case 18-cv-02823 for reference.

[3] The lender brought foreclosure proceedings in March 2017, but voluntarily withdrew their complaint in May 2018 after Promisco and his parents filed a motion asking to have counterclaims entered that included allegations of fraud (the Court denied Promisco's motion to continue the counterclaims as there was no longer an active case since the lender withdrew). The lender has since sent demand letters and is threating to bring about foreclosure proceedings again.

[4] The current mortgage payment is approximately $2000/month as alleged by the lender (which is currently not being paid). However, the Promisco's dispute that amount (and will if litigation is brought). Even if the

3

does not include gyms, expensive clothes, or any other frivolous expenses. Promisco hasn't paid for any vacations after ending his education. Promisco has a reliable 2009 Infiniti G37x that was purchased used in approximately early 2013[5]. Promisco is on the cheapest mobile phone plan his carrier offers and pays for other expenses such as car insurance, gasoline, groceries, and other living expenses.

11. Promisco's income is not expected to grow exponentially or to exceed the rising costs of living. At all times relevant after leaving college, Promisco has maximized his income potential and no more favorable jobs are available to him[6][7]. Promisco is not expecting any inheritance or gifts in the future that might allow him to repay his student loans. Promisco has no assets he could sell to repay his student loans.

12. Promisco has made good faith efforts to repay his student loans to Defendant but hasn't had any disposable income since leaving DePaul University in March 2017. At all times relevant after leaving college, Promisco sought to maximize his income and minimize his expenses as alleged above. Promisco was previously approved for an

---

amount were to be reduced to, for example, $1500/month, Plaintiff would likely have to pay the full amount to keep a roof over his and his parents' heads which would virtually eat up his entire monthly take home pay.

[5] The car was purchased used and financed jointly between Promisco and his father at the time when they had more sufficient means to pay for the vehicle. The car was paid off at the time of his bankruptcy filing and was listed in the bankruptcy schedules as an excluded asset. This vehicle is Promisco's primary means of transportation.

[6] Promisco has applied for what he believes to be over 100+ jobs (likely higher) in the span of his unemployment since leaving DePaul.

[7] Promisco did receive an offer of employment with a firm and a serious consideration from the Office of the Comptroller of the Currency, but was withdrawn from consideration during the onboarding process. All other interviews before his current employment did not lead to offers or any other serious signs of consideration for hire.

income-based repayment plan of $0 before filing bankruptcy. However, the same plan is allowing for his student loan debt to incur negative amortization and will leave him hopelessly unable to pay off the student loans at the current rate.

### CAUSE OF ACTION- CLAIM ONE

(Determination of Dischargeability – 11 U.S.C. § 523(a)(8))

13. Promisco incorporates the above allegations by reference.

14. Based on the allegations above, this Court should determine that excepting Promisco's debts to defendant from discharge would impose an undue hardship on Promisco.

**WHEREFORE**, Plaintiff requests:

A. An order determining Promisco's debts to defendant as alleged above are discharged as an undue hardship under 11 U.S.C. § 523(a)(8), and

B. Any other equitable relief this Court may determine is fair and just.

Respectfully Submitted,

/s/ Joseph J. Promisco
Joseph J. Promisco
Plaintiff, Pro Se
2000 N 74th Avenue
Elmwood Park, IL 60707
Promiscoj@comcast.net
708-925-8331

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) **FILED** UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS MAY -6 2019 |
|---|---|
| **PLAINTIFFS** Joseph James Promisco | **DEFENDANTS** United States Department of Education |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Se | **ATTORNEYS** (If Known) TIMOTHY P. ALLSTEADT, CLERK United States Attorney- Northern District of Illinois **INTAKE 2** |
| **PARTY** (Check One Box Only) ■ Debtor    □ U.S. Trustee/Bankruptcy Admin □ Creditor    □ Other □ Trustee | **PARTY** (Check One Box Only) □ Debtor    □ U.S. Trustee/Bankruptcy Admin ■ Creditor    □ Other □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks dischargeability of student loan debt dischargeability under 11 U.S.C. § 523(a)(8). This is a core proceeding under 28 USC § 157(b)(2). This Court has jurisdiction under 28 U.S.C. § 1334.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
■ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Discharge of student loan debt.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Joseph James Promisco | BANKRUPTCY CASE NO.<br>19-02949 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | | NAME OF JUDGE<br>Jack B. Schmetterer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)   /s/ JP | | | |
| DATE  05/06/19 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joseph J. Promisco | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.